

**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-18-00183-CV**

**IN THE MATTER OF THE MARRIAGE OF
YOSSEF ELABD AND SONIA ELABD
AND
IN THE INTEREST OF J.E., E.E. AND S.E., CHILDREN**

_____

**From the County Court at Law No. 2
Brazos County, Texas
Trial Court No. 17-000880-CVD-CCL2**

---

## DISSENTING OPINION

---

If the rote recitation of the statutory factors as findings of fact is all that is necessary to support a determination that a former spouse should receive spousal maintenance in a certain amount, then we should affirm the trial court's judgment as the Court has done. But the statute requires more. And based upon the findings and the evidence, or lack thereof, necessary to support a determination of eligibility for, and the amount of, spousal maintenance, I cannot join my colleagues and must respectfully dissent.

In this case, the spousal maintenance is nothing short of an outright monetary award of monthly payments from one former spouse to the other; universally known as alimony. It is not tied to the statutory requirements to be eligible for spousal maintenance

or limited to the extent to which minimum reasonable needs (necessary expenses) exceeds earnings. But before we get to the merits of the issues, it is necessary to consider the appropriate standard of review.

The Court recites that the standard of review is for an abuse of discretion. I believe we must first examine which issue, and possibly which part of an issue, is being reviewed. This seems to be a question on which the Texas Supreme Court has not spoken. We must begin with the standard for reviewing the determination of whether the spouse, in this case the wife, Sonia, is eligible for spousal maintenance. *See* TEX. FAM. CODE ANN. § 8.051. There is very little, if any, discretion in determining whether a former spouse could be eligible for spousal maintenance. Either the spouse seeking it meets the statutory requirements for eligibility by providing the necessary evidence or they do not. The relevant provision in this proceeding is sub-section (2)(B) of section 8.051 (with some of the elemental conditions precedent given in the statute before this particular sub-section).

I can agree that, once the threshold of being eligible to be awarded spousal maintenance is proven, whether to order spousal maintenance is then the trial court's discretionary decision as is the determination of the amount of the award, which could be none at all up to the full amount necessary "to provide for the spouse's *minimum reasonable* needs." *Id.* (2)(B) (emphasis added). After all, the section is titled "Eligibility for Maintenance" not "Entitlement to Maintenance" and the opening paragraph states, "the Court *may* order maintenance." *Id.* § 8.051 (emphasis added). And it is in the language "may order maintenance" that the court's decision to order an award is cloaked

with discretion. But the requirements for "eligibility" must be proven first; and whether or not that has been done, appears to be purely a question of reviewing the sufficiency of the evidence to provide the fact finder the necessary level of evidence to make the determination. Thus, in providing the necessary level of evidence to prove eligibility, there is no "discretion." It could be argued that if there is insufficient evidence to prove they are eligible for spousal maintenance, the trial court then abuses its discretion to award spousal maintenance. This confuses the standard of review when sufficient evidence must be presented to prove an element of a claim with the discretion of the trial court of whether to give an award once eligibility is proven. Thus, I believe it is better to frame our review on the issue of eligibility for an award of spousal maintenance as a sufficiency-of-the-evidence review rather than an abuse-of-discretion review. In this instance, it does not matter. The trial court erred under either standard of review.

Once eligibility is proven, and the trial court exercises its discretion to make an award, the trial court then must decide the amount of spousal maintenance to be awarded. *See* TEX. FAM. CODE ANN. § 8.052. In making this determination, the legislature charged the court to "determine the nature, amount, duration, and manner of periodic payments by considering all relevant factors" and then provided a list of 11 non-exclusive factors to be considered. This then presents another opportunity for the trial court to exercise its discretion by determining the amount of the award. And it is in this context that I believe those cases in which courts using an abuse of discretion standard have reviewed the sufficiency of the evidence in proving the various factors, which are not elements, as it might impact the trial court's discretion in determining the appropriate

amount and duration of the award. With this understanding of the statute and the appropriate lens though which to review them, we can turn to the merits of the issues.

The Court paraphrases the findings the trial court labeled as being relevant to Joe's (Yossef's) first two issues: 1) eligibility for spousal maintenance, and 2) the appropriate amount of spousal maintenance. These findings are nothing more than the factors listed in the Family Code that apply to this case. *See* TEX. FAM. CODE ANN. § 8.052. The actual findings are virtually a verbatim recitation of the factors using the statutory language. Sonia, the spouse seeking spousal maintenance, introduced meager evidence of what she would like to spend each month. I would characterize it as her optimal or preferred budget. It was a nice budget. It included $600 per month for entertainment and an additional $600 per month for gifts and donations. Including these "expenses" in her minimum reasonable needs (necessary expenses), even with no evidence to justify these amounts, her total monthly expenses were only $159 more than her monthly earnings, which included child support.

There is nothing in the trial court's judgment that helps us in the analysis of why it decided to award $1,500 when the shortfall in income to cover the expenses in her optimal budget was only $159. The trial court simply awarded the arbitrary amount of $1,500 per month in spousal maintenance. In then attempting to justify its determination of Sonia's eligibility for spousal maintenance, the trial court parroted the factors necessary for determining the *amount of an award* but made none of the findings of the elements necessary to support the *eligibility* for an award. *Compare* § 8.052 (listing the factors to consider in determining the *amount* of the award) *with* § 8.051 (listing the

elements, or criteria, necessary to establish the *eligibility* for an award of spousal maintenance in any amount). The only finding remotely related to determining eligibility was that Sonia "earns $76,000 [annually] working full time," knowing her income is necessary to the computation. But even if this "finding" is necessarily referable to the determination of being eligible for an award of spousal maintenance, and it is not, this is not even a complete "element" and is actually only part of the income. Elsewhere in the decree, we know Sonia was also awarded child support in the amount of $2,565 per month. What we do not have is a finding, or even evidence, of Sonia's "minimum reasonable needs" as required under the Family Code. Moreover, the trial court was asked to make additional findings but did not; and thus, we may not supply findings by implication. *See* TEX. R. CIV. P. 299. Sonia's evidence, at best, established only one half of one element necessary to be eligible for spousal maintenance. Even as to that element, that is the equivalent of no evidence. And even if we could supply findings by implication, we can only supply findings that have support in the evidence. It is questionable that there is enough evidence to even rebut the presumption against an award of spousal maintenance. TEX. FAM. CODE ANN. § 8.053. The evidence necessary to support the required elements is simply not in this record. Thus, I would sustain issue one.

Because I do not believe Sonia proved she met the statutory requirements to be eligible for spousal maintenance, I would not reach the second issue. Because the Court discusses the second issue, I will also address it. Again, the trial court's findings do nothing more than parrot the statutory language of the factors to be considered when

deciding the amount of spousal maintenance. TEX. FAM. CODE ANN. § 8.052. That is not enough. Such a process would effectively thwart appellate review. In this case, I find it even more disturbing because of how close Sonia's monthly income is when compared to the expenses in her optimal budget, which appears to include at least $1,200 of highly discretionary expenses.

Based on the proof of the earnings of the spouse seeking the award and that spouse's "minimum reasonable needs," the fact finder can determine the maximum amount that could be awarded. The most the evidence could support for spousal maintenance was $159 per month needed to cover all the expenses in her entire optimal budget, which included the $1,200 for entertainment and gifts. Thus, even recognizing that determining the amount of spousal maintenance is discretionary, the limit of that discretion for spousal maintenance based on this record would be $159 per month, not the $1,500 awarded by the trial court and affirmed by this Court. Given the nature of some of the items in Sonia's optimal budget, and the lack of evidence as to her minimum reasonable needs, I would hold the trial court abused its discretion in its determination of an award of spousal maintenance in the amount of $1,500 per month. There is simply nothing in the record to support an award in that amount. Thus, I would sustain issue two.

Joe complains in his third issue that the 67%/33% division of the community estate in favor of Sonia is an abuse of discretion. Joe focuses mostly on two sub-issues. First, Joe questions whether fault in the break-up of the marriage was adequate justification for the disproportionate division when the divorce was not based on fault but rather on

insupportability. Second, Joe argues that Sonia was awarded $13,323 more than she requested in her pleadings from some of the accounts. While Joe argues that the evidence of an extramarital relationship before the separation from Sonia is no more than speculation, there is enough from which a fact finder could infer some fault in the break-up of the marriage. And the fact that Sonia proposed one division of property and the court awarded her more from one category of assets than she requested in her proposed division is immaterial if the division of the community estate is nevertheless just and right. Thus, I concur in the court's decision to overrule issue three.

Accordingly, I would reverse the portion of the trial court's judgment that awards spousal maintenance and render judgment that Sonia is not eligible for any spousal maintenance, and otherwise affirm the trial court's judgment. Because the Court affirms the trial court's judgment in its entirety, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion issued and filed September 4, 2019

